LA CORPORACIÓN COLÓN & CÍA., INC., Appellant, *v.* THE REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. G-62-6.     Decided April 11, 1963.

*Domínguez & Domínguez* for appellant. The respondent Registrar appeared by brief.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

By deed No. 11 of January 15, 1957 executed before Notary Luis Domínguez Rovira, the corporation Colón & Co., Inc., acknowledged having received as a loan from Felisa Recio Collazo widow of Baquero the sum of $15,000 and executed a mortgage in guarantee of its payment for the term of five years. In said deed the payment of a mortgage credit previously recorded was deferred in order that the mortgage executed in favor of Mrs. Baquero be recorded in the registry with priority. Upon being presented in the Registry of Property of Ponce, deed No. 11 was duly recorded as a first mortgage lien and the proper entry was made.

On February 3, 1962 the debtor and the mortgage creditor again appeared before the aforesaid notary and executed a deed of extension of the aforesaid mortgage in which they stipulated January 15, 1957 as the date of maturity of the credit "under the same terms as when it was constituted." Deferment of the other credit was again made. Upon presenting the deed for registration the respondent returned it without making any entry whatsoever, and stating in a note which literally copied reads thus:

"This document is hereby returned and registration thereof suspended because the applicant failed to deposit $21 which remained to complete the $23 for the payment of registration fees for the inscription of this document despite the demands made by letter of February 26 of the current year, and a

marginal note is entered instead for 120 days on entry 205 of volume 402 of the Diario as provided by Act No. 39 of April 23, 1928. . . ."

An administrative appeal was taken.[1]

■ 1. Before passing on the merits of the present appeal it is advisable to remember that the registrars should always state in detail in the text of their notes, and not in their briefs, the reasons for their refusal. *Grillo* v. *Registrar,* 62 P.R.R. 652 (1943); *Valentín* v. *Registrar,* 61 P.R.R. 212 (1942); *Julio Godreau Co.* v. *Registrar,* 23 P.R.R. 61 (1915); *Machuca, Sons & Co.* v. *Registrar,* 22 P.R.R. 701 (1915); *Álvarez* v. *Registrar,* 21 P.R.R. 462 (1914).

2. The theory supported by the respondent registrar in his brief is that the change in a loan contract of such an important element as the date or term of its return entails a partial novation of the kind mentioned in § 181 of the Mortgage Law Regulations, 30 L.P.R.A. § 1115,[2] and consequently that it should be made by virtue of a registration and not merely by a marginal note. This § 181 implements § 144 of the Mortgage Law, 30 L.P.R.A. § 257.[3] Then the

---

[1] *P.R. Development Co.* v. *Registrar,* 74 P.R.R. 611 (1953); *P.R. Water Resources Authority* v. *Registrar,* 71 P.R.R. 792 (1950); *Blanco* v. *Registrar,* 71 P.R.R. 533 (1950); *Land Authority* v. *Registrar,* 65 P.R.R. 481 (1945).

[2] Article 181 of the Mortgage Law Regulations provides that:
"In accordance with the provisions of article 144 of this Law, when the act or agreement between the parties produces a total or partial novation of the contract recorded, a new record shall be made and the previous record canceled. When it gives rise to the annulment and rescission of the contract, in whole or in part, a total or partial cancellation shall be entered; and when the purpose thereof is to carry out a recorded contract subject to suspensive conditions, or to make the payment of a part of the mortgage debt a matter of record, a marginal note shall be entered."

[3] Article 144 of the Mortgage Law reads as follows:
"Any act or agreement between the parties tending to modify or destroy the force of a prior mortgage obligation, such as payment, set-off, respite, an agreement or promise not to demand, novation of the original

applicable schedule would be number five and not number four. Section 20 of Act No. 3 of September 2, 1955, 30 L.P.R.A. (Supp. 1961) § 1767.

█ Does the extension of the term for the payment of a mortgage credit constitute an indication of a partial objective novation for the purposes of the aforesaid articles? Commenting on § 144 of the Spanish Mortgage Law, Galindo and Escosura say:

"Article 111 of the Regulations [corresponding to Art. 181 of Puerto Rico] speaks of total or partial novation; but since the laws do not make that distinction, we suspect that by partial novation they mean changes in the contract which touch and affect, even if incidentally, the main part of the obligation, modifying it in some way, such as enlarging the mortgage, extending or shortening the term of the debt, or binding themselves not to request it, or changing it from a pure to a conditional, or from a gratuitous to a valuable obligation. In all these cases a new registration should be made; and in effect if the circumstances of the previous obligation have not changed, we do not see the necessity of making that entry with all the requirements of Art. 9, when a mere marginal note stating the modification will accomplish the same object and the parties would be saved needless expense."[4]

Based on the fact that the incompatibility between the old and the new obligation is the characteristic note of the novation, Castán indicates that: "As to the term, the scientific doctrine seems to understand that the granting of a term to the debtor or the waiver by the debtor of the term initially granted, does not imply, in principle, a novation, for the term, according to Planiol, merely affects the

contract, a compromise or settlement, shall not produce any effect against a third person unless it be made a matter of record in the registry by means of a new entry, a total or partial cancellation, or a marginal note, as the case may be."

[4] III *Comentarios a la Legislación Hipotecaria de España y Ultramar* 377 (1896).

*execution* of the obligation, not its constitution,"[5] and he calls attention to the fact that the introduction of accidental modifications in a preexisting obligation does not imply that the latter is extinguished by novation, although he indicates that the relativity of the limit which separates the principal from the accidental renders this doctrine highly insecure, and indicates that for the purpose of determining whether or not there exists a real novation there should be considered (1) the nature of the clause that is modified; (2) the intention of the parties; and (3) the economic significance of the modification. Puig Brutau[6] also refers to the accidental nature of the modifications introduced to decide whether a novation exists, and examines the question by applying the test that the extension for the performance of an obligation to which the creditor has consented should be construed only as a concession by the latter that should not deprive him of other rights and powers which he has by virtue of the original obligation. Professor Antonio Cammarota of the Universidad Nacional de Buenos Aires is still more emphatic: "The extension in the payment of capital owed, insofar as it does not affect an essential element of the obligation, never produces novation. This delay in demanding the payment of the loan caused by the fact that the creditor receives interest after the obligation has matured, does not alter the above conclusion. . . ."[7] And finally, Roca Sastre states that "Indeed this article 240 of the Regulations is not a model of perfection."[8]

■ The Spanish authorities are inclined to declare that the simple alteration or extension of the term does not constitute novation. Thus the judgment of April 26, 1955 (50

---

[5] 3 *Derecho Civil Español, Común y Foral* 316 (8th ed. 1954).

[6] I-II *Fundamentos de Derecho Civil* 400–402 (1959).

[7] *Tratado de Derecho Hipotecario* 387–388, Compañía Argentina de Editores (1942).

[8] IV *Derecho Hipotecario* 921 (5th ed. 1954).

*Jur. Civ.* 823, 3d Series) holds that "novation does not exist when, the original obligation not having expired, simple facilities are granted for the performance of the obligation either by extension or instalment payments." The same ruling is expressed in the judgments of May 16, 1946 (10 *Jur. Civ.* 850, 2d Series); February 26, 1944 (5 *Jur. Civ.* 511, 2d Series); December 30, 1935 (221 *Jur. Civ.* 754), and June 22, 1917 (140 *Jur. Civ.* 766).[9]

■ Ratifying the basic principle that novation, whether it refers to subjects or the object of the obligation, is not presumed, and that to exist there must be an express declaration of the contracting parties of their intention to novate or that there be a complete incompatibility between both obligations, we adopted, in *Caribe Lumber Corp.* v. *Marrero,* 78 P.R.R. 826 (1955), the criterion set up by the majority of the doctrine and by the Spanish case law and we said that the modification of an original obligation as to merely accidental circumstances does not produce the extinctive effect of novation in the absence of an express declaration of the parties of their intention to novate. Specifically we held that the modification of an original obligation as to the day of maturity and to the agreement on the payment of interest does not alter or change its essence and cannot, as a result, produce the extinctive effect of novation. In that same sense, *Llinás* v. *Mariani,* 47 P.R.R. 543 (1934); *Costa & Santini, Sucrs., Inc.* v. *Suliveres,* 44 P.R.R. 717 (1933); *Carminely* v. *Truyol,* 42 P.R.R. 921 (1931); *Armstrong* v. *Flores et al.,* 35 P.R.R. 312 (1926); *Rossner* v. *Argüeso,* 8 P.R.R. 236 (1905). See, also, as to objective novation,

---

[9] In the judgment of January 11, 1929 it is stated that to limit the term of duration of the contract when it was previously made indefinite, produces a change in the obligation. Castán, *op. cit.* at p. 317, distinguishes it from those cited in the text by indicating the absence of contradiction, on the ground that in the alleged extensions of term the *incompatibility* between the old and the new obligation appears to be less clear.

*León Parra* v. *Gerardino,* 58 P.R.R. 494 (1941) (a contract of lease extended by implied renewal is not novated because the lessor later reduces the stipulated monthly rental) ; *Banco de P.R., Liquidador, etc.* v. *Arguinzoni,* 53 P.R.R. 159 (1938) ; *Bonet* v. *Heirs of Hernáiz,* 49 P.R.R. 96 (1935) ; *Iglesias* v. *Jefferson Standard Life Ins. Co.,* 45 P.R.R. 690 (1933) ; *Ortiz* v. *Registrar,* 38 P.R.R. 346 (1928).

██ It clearly appears from the document presented for registration that complete identity of the contents of the obligation and its personal elements is preserved and that far from revealing "animus novandi" the intention of not to order or change its principal terms is ratified. This is not the case, therefore, of a partial novation requiring registration. The conclusion that the entry of the deed of extension in the registry books should be made by virtue of a marginal note is inescapable. As indicated by Roca Sastre, *op. cit.* at pp. 394 and 395, the marginal note is an entry which complies with any of the following purposes: to facilitate the mechanism of the registry office, *to state facts or circumstances which modify recorded rights,* or to replace other entries. The principal terms of the contract already appear recorded in the registry: amount of the obligation, interest and accessory credits stipulated, identity of the mortgaged property and other terms. In truth to uphold the position of the registrar would be tantamount to reaching the undesirable conclusion that the cancellation of the rights would be required at least on two successive occasions with respect to the same loan contract. The financing of our ever growing industrial economy requires a solution compatible with the announced public purpose of encouraging the economy and opening new horizons to the development of the country.

The certified copy will be remanded to the Registrar of Property of Ponce to enter the proper marginal note.